IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS REYES | : | NO. 06-654-1 |

<u>ORDER-MEMORANDUM</u>

**AND NOW**, this 18th day of November, 2008, upon consideration of Defendant's Post-Verdict Motion (Docket No. 64) and the Government's response thereto (Docket No. 68), **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED**.

On September 4, 2007, Defendant was convicted by a jury of attempted interference with interstate commerce by robbery ("Hobbs Act robbery") of Gomez Grocery in Philadelphia, Pennsylvania, on July 26, 2006, in violation of 18 U.S.C. § 1951(a) (Count I); carrying and using a firearm during and in relation to a crime of violence on July 26, 2006, in violation of 18 U.S.C. § 924(c) (Count II); and felon in possession of a firearm on July 26, 2006, in violation of 18 U.S.C. § 922(g)(1) (Count III).  Defendant has moved for a new trial on all three counts pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

**I.    LEGAL STANDARD**

The Federal Rules of Criminal Procedure permit a district court, "[u]pon the defendant's motion . . . [to] vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  We consider a Rule 33 motion for a new trial based on the weight of the evidence and "can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if [we] 'believe[] that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" <u>United States v. Brennan</u>, 326 F.3d

176, 188 (3d Cir. 2003) (quoting United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002)). "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." Id. (quotations omitted).

## II.  DISCUSSION

Defendant seeks relief on the following four grounds: (1) he could not be convicted of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), because the Government failed to prove he intended to affect interstate commerce; (2) the jury instructions were inadequate/confusing because they did not address the specific intent to interfere with interstate commerce; (3) there was a variance between the charge in the indictment and the evidence adduced at trial/the verdict; and (4) the evidence at trial was insufficient to establish that his actions affected interstate commerce.[1]

---

[1] Defendant makes a fifth argument that he received ineffective assistance from counsel because counsel did not argue that Defendant was himself the victim in this case—the victim of a "drug deal gone bad." (Mot. at 22.) However, claims of ineffective assistance of trial counsel are generally deferred until a defendant files a Petition pursuant to 28 U.S.C. § 2255 collaterally attacking his conviction and sentence. See United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." (citing United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998))). The Supreme Court has explained that it is preferable to decide claims of ineffective assistance of counsel on collateral attack, when the record of counsel's alleged failings may be fully developed:

> In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. Under Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), a defendant claiming ineffective counsel must show that counsel's actions were

      A.      <u>Timeliness of Defendant's Motion</u>

Before reaching the merits of Defendant's Motion, we address the Government's argument that Defendant's Motion is both time- and procedure-barred by the Federal Rules of Criminal Procedure. As noted above, the Rules permit us, "[u]pon the defendant's motion . . . [to] vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, motions like the instant one that are not grounded on newly discovered evidence "must be filed within 7 days after the verdict or finding of guilty." <u>Id.</u> Rule 33(b)(2). While this time limit is not jurisdictional *per se*, <u>see</u> <u>United States v. Eberhart</u>, 546 U.S. 12, 13 (2005) (per curiam), it is an "inflexible claim-processing rule." <u>Id.</u> (quoting <u>Kontrick v. Ryan</u>, 540 U.S. 443, 456 (2004)). Nevertheless, the Federal Rules do permit us to extend a filing deadline "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B); <u>see also</u> <u>United States v. Figueroa</u>, Crim No. 00-94, 2007 WL 2345283, at *1 (E.D. Pa. Aug. 15, 2007) (holding that Rule 45(b)(1)(B) applies to a Rule 33 motion).

On September 12, 2007, Defendant filed a "Motion to Preserve ESR Audiotapes for New Trial." In that motion, Defendant argued that the translation of witness testimony provided at trial

---

                not supported by a reasonable strategy and that the error was prejudicial. The evidence introduced at trial, however, will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the <u>Strickland</u> analysis. If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it.

<u>Massaro v. United States</u>, 538 U.S. 500, 504-05 (2003). Accordingly, to the extent Defendant alleges ineffective assistance of counsel, we deny his claim "without prejudice to his right to raise his claim of ineffective assistance of counsel on a collateral attack brought pursuant to 28 U.S.C. § 2255." <u>Thornton</u>, 327 F.3d at 272.

was inaccurate and, on that basis, also requested a new trial pursuant to Federal Rule of Criminal Procedure 33. On October 15, 2007, we dismissed the motion without prejudice.[2] (10/15/07 Order.) We indicated in our Order that Defendant could re-file his motion on or before November 15, 2007, and directed him to comply with Local Rule of Criminal Procedure 47.1.[3] (Id.) Defendant neither re-filed his motion nor requested an extension of the deadline for re-filing.

However, soon after the deadline for re-filing had passed, Defendant's sentencing hearing was repeatedly rescheduled and new counsel was appointed to the defend the case. (Docket Nos. 44, 45, 46, 47, 50, 51, 53, 54, 60, 62.) New counsel did not receive transcripts from the trial until May 5, 2008. (5/5/08 N.T. at 26.) On August 12, 2008, Defendant filed the instant Post-Verdict Motion. (Docket No. 64.) Although Defendant does not explicitly assert excusable neglect in the instant Motion, we find that he clearly intended to challenge the verdict under Rule 33—as evidenced by his timely filed motion, which we dismissed without prejudice. In spite of the delays, we find that his failure to timely file the instant motion, more likely than not, was the product of excusable neglect and will therefore determine the motion on its merits.

     B.     Specific Intent to Affect Interstate Commerce

Defendant first argues, generally, that he could only be convicted of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), if the Government proved he intended to affect interstate commerce. (Mot. at 5.) Defendant argues that, by charging attempt, which at common law

---

[2] We also dismissed without prejudice Defendant's September 6, 2007 "First Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29(c)." (10/15/07 Order.)

[3] Local Rule of Criminal Procedure 47.1 requires that a brief be submitted in support of any post-trial motion for judgment of acquittal or for new trial. See Local R. Crim. P. 47.1. Defendant had not submitted a memorandum in support of his motion.

requires specific intent, the Indictment alleged specific intent to interfere with interstate commerce. (Id. at 5-11.)  Defendant further argues that: (1) the jury instructions were inadequate/confusing because they did not address his specific intent to interfere with interstate commerce; and (2) there was a variance between the charge in the Indictment and the evidence adduced at trial/the verdict because no evidence was produced showing that he intended to affect interstate commerce.  (Id. at 4-5, 13-16.)

The Hobbs Act "outlaws extortion [or robbery] which obstructs interstate commerce '*in any way or degree*.'" United States v. Addonizio, 451 F.2d 49, 76 (3d Cir. 1971) (quoting Stirone v. United States, 361 U.S. 212, 215 (1960)). "'That Act speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence.'" Id. at 76-77 (quoting Stirone, 361 U.S. at 215).  "It is not necessary that the *purpose* of the extortion [or robbery] be to affect interstate commerce, but only that one of the *natural effects* thereof be an obstruction of that commerce." Id. at 77 (internal citations omitted).  See also United States v. Cerilli, 603 F.2d 415, 424 (3d Cir. 1979) (same).

We find that Defendant's general argument is foreclosed by Addonizio.  An indictment alleging attempted Hobbs Act robbery alleges only specific intent to commit a robbery the natural effect of which would be an obstruction of interstate commerce.  As such, the jury need not have been instructed as to Defendant's specific intent to interfere with interstate commerce, and the Government need not have proved specific intent to interfere with interstate commerce.  Consequently, Defendant has failed to establish how the instructions were either inadequate or confusing.  Defendant has also failed to show how the evidence adduced at trial was at variance with

the charge in the Indictment.[4]

      C.     Sufficiency of the Evidence

Defendant also argues that the evidence at trial was insufficient to establish that his actions affected interstate commerce. Defendant concedes that this Circuit's case law forecloses his argument, but "respectfully submit[s] that said case law is incorrect in light of the very explicit language in the statute" regarding interference with interstate commerce. (Mot. at 16.) Defendant ostensibly argues that this Circuit's broad application of § 1951 encompasses all robberies, in violation of the Commerce Clause. (Id. at 16 & n.13.)

The Government does not need to prove a substantial effect on interstate commerce in order to sustain a Hobbs Act conviction. See United States v. Clausen, 328 F.3d 708, 710-11 (3d Cir. 2003). As the Third Circuit recognized in Clausen, "every court of appeals to have addressed the issue has held that the Hobbs Act may constitutionally be applied to crimes which do not have a substantial effect on interstate commerce." Id. at 710. The Hobbs Act is satisfied so long as the underlying robbery or extortion potentially caused an effect on interstate commerce: "'[I]n any individual case, proof of a *de minimis* effect on interstate commerce is all that is required.' And, as we announced recently in Haywood, such a '*de minimis* effect' in an individual Hobbs Act case need only be 'potential.'" United States v. Urban, 404 F.3d 754, 762 (3d Cir. 2005) (citing United States v. Haywood, 363 F.3d 200, 209-10 (3d Cir. 2004)).

The facts adduced at trial show that Gomez Grocery was forced to shut down for nearly eight

---

[4] Defendant is contriving a variance where none exists and, even if one did exist, Defendant has not demonstrated particular or substantial prejudice (plain error), as required by Fed. R. Crim P. 52(a) and Berger v. United States, 295 U.S. 78, 82 (1935) (holding that "[t]he true inquiry . . . is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused.").

hours for cleanup, (8/29/07 N.T. at 138), during which time no customers were able to make purchases. (8/30/07 N.T. at 151.) Many of the items available for purchase had previously traveled in interstate commerce. (Id. at 149; 8/29/07 N.T. at 131.) Customers were also unable to reach and use the ATM machine located inside the store. (8/29/07 N.T. at 131, 138.) Some items of merchandise were knocked to the ground during the struggle to subdue Defendant, and Defendant was hit over the head with a jar of applesauce. (Id. at 129-31.)

Based upon our independent assessment of the Government's case and the evidence adduced at trial, we find Defendant's attempted robbery did have a ***de minimis*** effect on interstate commerce and, consequently, that the jury's verdict was not contrary to the weight of the evidence. As such, we will not grant Defendant a new trial because we do not "believe[] that 'there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" Brennan, 326 F.3d at 188 (quoting United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002) (internal citations omitted)).

BY THE COURT:


   /s John R. Padova
John R. Padova, J.